## WESTON *v.* STODDARD *et al.*

*(Supreme Court, General Term, Third Department.   December 8, 1891.)*

**1. PARTITION—COSTS—TRIAL BY JURY.**

Code Civil Proc. § 968, provides that trial by jury may be had in an action of ejectment, and section 3228 provides that plaintiff is entitled to costs on final judgment in his favor in "an action triable by jury to recover real property, or an interest in real property." *Held,* that an action for partition is within neither of these sections, but is an equitable remedy, governed by section 3230, authorizing the court to award costs to either party, in its discretion.  Davis v. Davis, 3 N. Y. St. Rep. 163, overruled.

**2. SAME—DISCRETION OF COURT.**

The right of the court so to award costs to either party is not affected by Code Civil Proc. § 1544, which provides that an issue of fact joined in the action of partition may be tried by a jury.

Appeal from special term, Saratoga county.

Action by Charles S. Weston against Mary R. Stoddard and others for partition.   From an order awarding costs to both parties, plaintiff appeals.   Affirmed.   For former report, see 14 N. Y. Supp. 580.

Argued before LEARNED, P. J., and MAYHAM, J.

*Winsor B. French,* for appellant.   *Charles S. Lester,* for respondents.

LEARNED, P. J.   The action of partition has long been an equitable remedy.  1 Story, Eq. Jur. § 646, and subsequent sections.   There was also a special proceeding provided for by the Revised Statutes, which might be taken in courts of law.   But that left, in express language, the jurisdiction of the court of chancery unaffected.   Such an action is not within section 968 or section 3228.   It is governed by section 3230, and costs are in the discretion of the court.   An issue of fact in the action is triable by a jury.  Section 1544.   But that does not determine that the action is so triable, or bring the action within section 3228, subd. 1.[1]   The right to award costs to plaintiff and to defendant was recognized in *Henderson* v. *Scott,* 43 Hun, 22, and this must overcome the special term decision of *Davis* v. *Davis,* 3 N. Y. St. Rep. 163.   We think, therefore, that the matter was in the discretion of the special term, and there is no question that the discretion was not properly exercised.   Order affirmed, with $10 costs and printing disbursements.

[1] The several provisions of the Code of Civil Procedure here referred to are as follows:

Section 968 provides that a jury trial may be had in (1) "an action in which the complaint demands judgment for a sum of money only; (2) an action of ejectment, for dower, for waste, for a nuisance, or to recover a chattel."

Section 1544 provides, with respect to the action of partition, that "an issue of fact joined in the action is triable by a jury." "Unless the court directs the issues to be stated, as prescribed in section nine hundred and seventy of this act, the issues may be tried upon the pleadings."

Section 3228, subd. 1, provides that "plaintiff is entitled to costs as of course on rendition of final judgment in his favor in * * * (1) an action triable by a jury, to recover real property, or an interest in real property, or in which a claim of title to real property arises upon the pleadings, or is certified to have come in question upon the trial."

Section 3230 provides that "the court may, in its discretion, award costs to any party upon the rendering of a final judgment."